**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4025**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERTO AVENDANO ACEVEDO,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:10-cr-00113-TDS-1)

Submitted: October 20, 2011      Decided: November 4, 2011

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian M. Aus, Durham, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Avendano Acevedo appeals the 106-month sentence imposed following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000 & Supp. 2011). Acevedo's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether there was an adequate factual basis to support the guilty plea and whether the district court's sentence was reasonable. Acevedo was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

Counsel first questions whether the factual basis was sufficient for the district court to accept Acevedo's guilty plea. Prior to accepting a guilty plea, "the [district] court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3); see United States v. Ketchum, 550 F.3d 363, 366 (4th Cir. 2008) (recognizing that defendant may challenge on appeal district court's failure to develop factual basis on record). The district court "need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of

2

the offense." United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997).

At the plea hearing, the parties did not dispute the factual basis filed with the plea agreement. Upon review, we conclude that the district court did not err in accepting the offense conduct presented as sufficient to enter the guilty plea. See United States v. Mastrapa, 509 F.3d 652, 656-57 (4th Cir. 2007) (stating plain error standard of review); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (establishing elements of § 924(c)(1)(A) offense); United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999) (establishing elements of possession with intent to distribute controlled substance).

Counsel also questions whether the district court's sentence was reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Because Acevedo preserved his claim of error below, we review for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010); see Gall, 552 U.S. at 46. Our review of the record leads us to conclude that

3

the district court did not commit procedural error in imposing Acevedo's sentence.

We next consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence imposed is within the appropriate Guidelines range, we may consider it presumptively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). On review, Acevedo's within-Guidelines sentence is presumptively reasonable, and he has not rebutted that presumption. Therefore, we conclude that the district court did not commit substantive error in imposing Acevedo's sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Acevedo, in writing, of his right to petition the Supreme Court of the United States for further review. If Acevedo requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on Acevedo.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED